Dear Mr. Mayer:
You have requested the opinion of this office regarding the application of R.S. 39:1494.1A(3) as amended by Act 1143 of the 2001 Regular Legislative Session (Act 1143).
R.S. 39:1494.1 is part of the statute which governs the award of contracts by state entities for personal, professional, consulting and social service contracts. This section deals exclusively with social service contracts. Such contracts generally require the use of a request for proposals (RFP) process for selection and award. R.S.39:1503A(2). However, paragraph R.S. 39:1494.1A states that "Contracts for social services may be awarded without the necessity of competitive bidding or competitive negotiation [RFP] only if the director of the office of contractual review determines that any one of the followingconditions is present. The using agency shall document the condition present and such documentation shall be part of the contract record submitted to the office of contractual review." [Emphasis added.] The section then lists ten different conditions which may vitiate the need for competitive negotiation by means of an RFP.
After amendment by Act 1143, the third condition listed in R.S.39:1494.1A provides:
 (3) A quasi-public and/or non-profit corporation, such as a parish voluntary council on aging, an area agency on aging, an association of retarded citizens or equivalent, an organization serving children, youth, and/or families, or an organization promoting independence from public assistance has been established in coordination with the state to provide the particular service involved in the contract. [Emphasis added.]
The effect of Act 1143 was to broaden the scope of services and client groups which organizations may serve to meet the condition. However, Act 1143 did not amend the last phrase of that condition, which has provided and still does provide that such service organizations have "beenestablished in coordination with the state to provide the particular service involved in the contract." [Emphasis added.] It is about this phrase that you ask us to opine, asking whether such corporations must be formed by the state or whether it could include already established non-profit corporations.
Unfortunately, the statute provides no definition or other guidance as to the meaning of "established in coordination with the state". It is clear that such groups be a "quasi-public and/or non-profit corporation", which is in addition to the requirements relating to types of services provided and types of clients served, and also the requirement that such organizations have been "established in coordination with the state to provide the particular services involved in the contract." This language suggests more than that the entity be a non-profit or quasi-public corporation committed to the requisite services, but that, somehow, the state was instrumental or involved in establishing the entity to provide the services contracted for. What that involvement or "coordination" may be is unclear, but certainly it is more than the mere issuance of a corporate charter under the general corporation laws of the state.
The introductory paragraph of Section 1494.1 says, "The using agency shall document the condition present and such documentation shall be a part of the contract record submitted to the office of contractual review." Therefore, each using agency must, on a case-by-case basis, review the applicant agency to determine if it meets at least one of the ten conditions of R.S. 39:1494.1. If it is determined that condition (3) is the one most likely to apply to the applicant entity, then the using agency must ascertain that the entity is either a quasi-public or non-profit corporation serving one of the target populations and that the organization's founding was somehow instigated or supported by the state in order to provide services such as those to be provided under the contract. The final determination of whether one of the ten conditions is met is to be made by the director of the Office of Contractual Review.
The combination of these requirements sets a high threshold for such entities to meet condition 3. If neither this nor any other one of the ten conditions is met, then the contract must be sought and awarded pursuant to an RFP and competitive negotiation.
I trust that this answers your inquiry. Please let us know if we may be of further assistance to you in this matter.
Very Truly Yours,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________________ GLENN R. DUCOTE Assistant Attorney General
RPI/GRD/dam